**HUI WANG, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–3150–ag.**

United States Court of Appeals, Second Circuit.

Feb. 26, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Yee Ling Poon, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Aviva L. Poczter, Senior Litigation Counsel, Christopher P. McGreal, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Hui Wang, a native and citizen of the People's Republic of China, seeks review of the July 2, 2007 order of the BIA affirming the December 14, 2005 decision of Immigration Judge ("IJ") Brigitte Laforest, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Wang*, No. A98 356 950 (B.I.A. July 2, 2007), *aff'g* No. A98 356 950 (Immig. Ct. N.Y. City Dec. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007).

## I. ASYLUM & WITHHOLDING OF REMOVAL

■ Regarding Wang's fear of sterilization or other persecution under China's family planning policy, we find no error in the agency's conclusion that this fear was speculative (and therefore not well-founded) as he was unmarried, had no children, and alleged no previous contact with family planning officials. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). *But cf. Rui Ying Lin v. Gonzales*, 445 F.3d 127, 135–36 (2d Cir.2006).

■ Furthermore, the agency reasonably found that Wang was not eligible for

asylum on the basis of his illegal departure, noting that he had not established that any punishment he would receive in China would be on account of a protected ground. With respect to illegal departure claims, we have observed that "[t]he possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum." *Qun Yang v. McElroy*, 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam). Moreover, while Wang points to evidence that those who depart China without prior authorization are sometimes subject to detention in China, and that detainees sometimes suffer mistreatment, he fails to identify any record evidence that Chinese officials will impute to him any kind of political opinion.[2] *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir.2005) (asylum applicants are required to show the persecutor's motive through direct or circumstantial evidence).

As Wang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

## II. CAT RELIEF

 We find no error in the agency's denial of Wang's claim that he will be tortured by the Chinese government for his illegal departure. While Wang points to some evidence that those who have departed China illegally are sometimes detained, and that some detainees are tortured in China, such evidence is not sufficiently "particularized" to compellingly contradict the agency's conclusion that he failed to demonstrate that someone in his circumstances would more likely than not face torture. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005).

 Finally, Wang argues that the agency erred in denying his CAT claim based on his belief that loan sharks and/or smugglers (known as "snakeheads") will torture him for failure to pay the debt he owes them, and that Chinese officials would be aware of such actions and breach their duty to protect him. In his brief, Wang cites to a report found in the record that was prepared by Canada's Immigration and Refugee Board ("IRB")that discussed loan sharks' and snakeheads' treatment of illegal migrants who are returned to China's Fujian Province (Wang's home province). One of the sources cited in that report stated that " '[s]nakeheads have no reasons to harass those smuggled Chinese who have been returned to China.' " Similarly, the report cited an interview with an agent of a Canadian government intelligence service who stated that "he was not aware of reports of loan sharks pursuing returnees." In light of this evidence, we find no error in the agency's finding that Wang failed to establish eligibility for CAT relief. *See Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir.2004).

## III. CONCLUSION

For the foregoing reasons, the petition for review is DENIED.

---

2. While the IJ explicitly found that Wang was not eligible for asylum based on his fear of retribution from loan sharks and/or smugglers because such a claim lacked a nexus to a protected ground, Wang did not challenge this finding before either the BIA or this Court. Accordingly, we consider any such argument abandoned. *Cf. Yueqing Zhang*, 426 F.3d at 541 n. 1, 545 n. 7.